IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | No. C 05-04287 CRB |
| Plaintiff, | **ORDER GRANTING MOTION FOR DEFAULT** |
| v. | |
| WEST COAST CONCRETE MIXER, INC., | |
| Defendant. / | |

This is an ERISA action for delinquent contributions to a trust fund. Now before the Court is plaintiff's motion for default judgment. Defendant has not answered the complaint and has not otherwise communicated with the Court. After carefully considering the papers filed by plaintiff, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion for default judgment.

## BACKGROUND

**A.   Procedural History**

Plaintiff filed this ERISA action to recover liquidated damages for late contributions for the months of June through September 2005. Plaintiff also seeks interest, attorneys' fees, and costs. Defendant was served with the complaint, but it has failed to answer or otherwise communicate with the Court. Default was entered on July 7, 2006. Plaintiff now moves for entry of default judgment.

B.     **The Evidence In The Record**

Defendant entered into a collective bargaining agreement with Teamsters Local Union No. 150 which requires that pension contributions be paid on behalf of covered employees to the Western Conference of Teamsters Pension Trust Fund (the "cba"). Defendant also executed an Employer-Union Pension Certification. The cba and certification require defendant to pay pension contributions to the plaintiffs on behalf of covered workers and provides that contributions are due no later than the 10th day of the following month. A contribution is considered delinquent unless the plaintiff receives the contribution by that date.

The agreements provide further that the defendant shall pay liquidated damages in an amount equal to 20 percent of the amount of contributions due, plus interest on the overdue amount and attorneys' fees.

The evidence establishes that defendant made late payments for the months of June, July, August and September 2005. All of these contributions were paid in November 2005, after this lawsuit was filed; however, because they were late, defendant owes $3,518.90 in liquidated damages. Despite plaintiff's demand for payment, defendant has not paid this amount nor the interest owed on the liquidated damages.

## DISCUSSION

ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989). Defendant owed delinquent contributions at the time plaintiff initiated this lawsuit.

**United States District Court**
For the Northern District of California

1  As the allegations of the complaint are accepted as true, and as the evidence
2  establishes that defendant owes plaintiff a sum certain, plaintiff's motion for a default
3  judgment is GRANTED in the total amount of $5,066.37.  This amount consists of $3,518.90
4  in liquidated damages, $212.47 in interest, $720.00 in attorneys' fees, and $615.00 in costs.

**IT IS SO ORDERED.**

Dated: Nov. 20, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\4287\orderredefaultjudgment.wpd           3